# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DAVID M. AUSTIN,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0720** (BOR Appeal No. 2054072)
                  (Claim No. 2018023715)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David M. Austin, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Division of Highways, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability. On May 16, 2018, the claims administrator rejected the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision to reject the claim on March 18, 2019. This appeal arises from the Board of Review's Order dated July 19, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Austin is a stock room supervisor for the West Virginia Division of Highways. He alleges that he developed asthma after workplace exposure to toxins, mold, and fumes. On April 9, 2012, he was treated by Mark Byrd, M.D., after experiencing symptoms while working in a moldy work environment. Dr. Byrd's diagnosis was asthma. On December 17, 2012, Thomas Steele, D.O., indicated that Mr. Austin's lingering cough could be related to asthma. Dr. Steele's assessment was intermittent asthma.

Mr. Austin completed a Report of Injury on April 11, 2018, while being treated by Jennifer Richmond, FNP, at the Robert C. Byrd Clinic. He sought treatment with Ms. Richmond because

1

of fatigue and shortness of breath. On April 23, 2018, the Employees' and Physicians' Report of Occupational Injury form was completed by Mr. Austin.

After breathing fumes and welding, Mr. Austin treated with Luke Ta, D.O., on May 1, 2018. Dr. Ta reported that Mr. Austin's work area is next to the repair shop, and he is exposed to diesel and gas exhaust, chemical cleaners, and welding smoke. Dr. Ta's notes also indicate that there was a moldy growth from a leak in 2010 that remained in disrepair until the wall was replaced in 2012, and the insulation and roof were replaced in 2017. Dr. Ta noted, "[o]ccupational toxic exposure and asthma leading to symptomatic shortness of breath." Dr. Ta stated that spirometry testing showed that the FEV1 was 93% of predicted, and his ambulatory pulse oxygen showed a drop from 98% at rest to 93%. Mr. Austin was found to have desaturation with walking. He was to be off work for one month so he could be seen by a Pulmonologist and Cardiologist. The assessment was shortness of breath, occupational exposure to toxic agents in industry, and occupational asthma. The physician's portion of the Employees' and Physicians' Report of Occupational Injury form was signed by Dr. Ta on May 4, 2018. Dr. Ta diagnosed Mr. Austin with occupational asthma due to exposure to toxins.

On May 16, 2018, the claims administrator denied Mr. Austin's application for benefits on the basis that he had not satisfied the statutory compensability requirement of an occupational disease. Mr. Austin protested the claims administrator's decision. On June 20, 2018, Pro-Lab issued a Certificate of Mold Analysis with regard to the Lewisburg facility of the West Virginia Division of Highways. The test found no elevated mold spore levels at the facility.

On June 1, 2018, Mr. Austin saw Dr. Ta for a follow-up examination. Dr. Ta noted that he had returned to work to drop off paperwork and had similar symptoms of worsening shortness of breath, coughing, and a flushed face. The assessment was allergic rhinitis, intermittent asthma, and subacute respiratory conditions due to chemicals, gases, fumes or vapors. Mr. Austin was to remain off work until July 3, 2018. He returned to Dr. Ta on September 7, 2018, and reported that he went back to work for four days and despite having a new air filter, he had congestion, shortness of breath, and wheezing. Dr. Ta reported that Mr. Austin had no attacks while off work. The assessment was exposure to toxin and asthma. Dr. Ta subsequently advised him to avoid allergens at work until he was seen by a pulmonologist and changes were made to his workplace.

Mr. Austin was examined at the Occupational Lung Center in Charleston, West Virginia. In a report dated October 3, 2018, the Occupational Lung Center found Mr. Austin's spirometry and diffusion scores to be normal without bronchodilator medication. The pre-bronchodilator FVC was 102% of predicted, FEV1 was 112% of predicted, and the FEV1/FVC was 82%.

In challenging the claim, the West Virginia Division of Highways submitted an ILO report from James T. Smith, M.D., dated October 16, 2018. Dr. Smith found no pleural or parenchymal abnormalities to suggest occupational disease. Dr. Smith reviewed chest x-rays dated December 17, 2012, and April 11, 2018, and found both studies to be the same. He found the heart and vessels to be within normal limits and the lungs to be clear.

In support of his protest, Mr. Austin submitted progress notes of Dr. Ta dated November 9, 2018. Mr. Austin was seen for reevaluation of his condition. Dr. Ta found no changes in his condition. The assessment was dyspnea on exertion, reactive airways dysfunction syndrome, and exposure to toxin.

Mr. Austin was deposed on November 19, 2018. He testified that he is sixty-three years old, and he has been employed by the West Virginia Division of Highways for forty years. He worked through November 30, 1997, as a stock clerk. He said that he has worked in the same office for forty years. It is an automotive shop, and there are diesel fumes, exhaust fumes, welding smoke, and other chemicals. He testified that he complained about the fumes for years. Due to leaks, mold became a problem. The office had to replace ceiling tiles on multiple occasions. He purchased a mold detection kit and placed them on top of his computer for a day. He put them in a sealed envelope and mailed them for review at Pro Lab in Florida. He testified that an air purifier system runs continuously in his office, and they constantly have to reorder filters due to poor air quality. He testified that he has been regularly exposed on a daily basis to dust, fumes, and/or mold during the time of his employment. He was first diagnosed with intermittent asthma in 2012. He testified that on April 11, 2018, he started work at his normal time when he experienced a bad flush feeling. He told his co-worker that he felt like he was having a heart attack. He immediately went to the Robert C. Byrd Clinic. The Clinic conducted an EKG, took his blood pressure and performed x-rays. He was told to take it easy for a few days. After he returned to work, he found out that his x-rays showed chronic obstructive pulmonary disease. He was taken off work until September of 2018. Mr. Austin testified that he continues to have the same symptoms and admits that the air purifier helps.

On March 18, 2019, the Office of Judges issued an Order affirming the rejection of the claim by the claims administrator. The Office of Judges concluded that the preponderance of the evidence fails to demonstrate that Mr. Austin's respiratory problems were incurred in the course of and as a result of his employment. Specifically, the Office of Judges found that he failed to present reliable medical evidence linking his alleged condition to his employment. As such, he failed to meet his burden of proving that his respiratory problems are compensable. The Board of Review adopted the finding of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated July 19, 2019.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The evidentiary record presents no definitive diagnosis of Mr. Austin's condition and no unequivocal statement of causation of such condition. The evidentiary record does show a potential diagnosis of sarcoidosis that has neither been confirmed nor denied. However, the current claim demonstrates a complete lack of reliable medical evidence linking Mr. Austin's alleged condition to his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison